United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50773
Summary Calendar

_____

JOHN T. JOSEY,

Plaintiff-Appellant,

versus

BELL COUNTY TEXAS, RICK MILLER, County Attorney;
DAN SMITH, Sheriff, JANE DOE, Secretary; R. W. PATTERSON,
Jail Administrator; BELL COUNTY LAW ENFORCEMENT CENTER;
PENNYBAKER, Corporal; FNU ANDREWS, Officer; FNU MINTER,
Officer; PLANAS, Officer; FISCHBACH; FNU MARTINEZ, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-365
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John T. Josey filed a complaint pursuant to 42 U.S.C. § 1983
alleging that, while he was being housed at the Bell County Law
Enforcement Center as a pre-trial detainee, various prison
officials and governmental entities violated his civil rights.
Josey's complaint also contained several state law claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court dismissed Josey's complaint with prejudice for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), and Josey timely appealed.

Josey has filed a motion to compel this court to acknowledge that his handwritten appellate brief was compliant with the rules of this court. That motion is GRANTED. All of Josey's other outstanding motions before this court are DENIED.

Liberally construed, Josey has presented an argument that the district court erred in dismissing his complaint for failure to state a claim. After a <u>de novo</u> review of the record and the briefs before us, we conclude that the district court correctly dismissed Josey's complaint pursuant to FED. R. CIV. P. 12(b)(6). See <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 246 (5th Cir. 1997); <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993); <u>Manax v. McNamara</u>, 842 F.2d 808, 812 (5th Cir. 1988).

AFFIRMED.